————————o————————

No. 3789.

Court of Appeal, Parish of Orleans.

J. C. MAURER vs. ANTHONY VIZARD.

1. Where a plaintiff sues under a contract and fails to prove the the same, he cannot recover in a proceeding based thereon, but the defendant may not lawfully enrich himself at plaintiff's expense and should bear the burden of the cost of the work alone where he has reaped the benefit of it.

2. It is but fair to say that, though strenuously resisting liability under the alleged contract, the defendant has evinced a disposition to make proper return for value received.

3. Under the state of facts disclosed by the record, plaintiff's right should be and is reserved to claim of defendant by proceeding such items herein sued for as may be shown to have been necessary for the work and to have inured to the benefit of defendant or his property.

Appeal from the Civil District Court, Division "D."

H. O. Hollonder, H. J. Rhodes, Wm. J. and P. F. Hennessey, for Plaintiff and Appellant.

McCloskey & Benedict, for Defendant and Appellee.

DUFOUR, J.   The plaintiff alleging a contract with defendant to do certain painting on the building in Mobile known as the Battle House, sues to recover the following amount itemized as follows:

151

For transportation of painters to and from Mobile......$114.75
For freight and hauling to and from Mobile............  26.41
For furnishing tools and services rendered as per contract

.............................................................  483.40
For traveling expenses, railroad fares for self..........  34.00

Total.                                            $658.56

That the work was done by the men sent to Mobile by plaintiff and that their wages and the bills for materials used were paid by defendant is abundantly shown.

But the record absolutely negatives the claim that any contract was entered into by Vizard or any one authorized to contract for him as to any special amount to be paid to Maurer for supervising the work, or as to any fixed rate of percentage to be computed on the cost of the work, or that Vizard ever ratified such a contract, if made by an unauthorized party.

The failure to prove such contract bars recovery in this proceeding, but the defendant may not lawfully enrich himself at plaintiff's expense and should bear the burden of cost where he has reaped the benefit of the work.

It is but just to say that the record shows that, though strenuously resisting liability under the alleged contract, the defendant has evinced a disposition to make proper return for value received.    The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of defendant and dismissing the plaintiff's suit at his cost, reserving to plaintiff the right to claim of defendant by proper proceeding such items herein sued for as may be shown to have been necessary for the work and to have enured to the benefit of defendant or his property, said defendant to pay cost of appeal.

Feby. 5, 1906.

Rehearing refused Feb. 19, 1906.